**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL E. KEELING** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 02-4626** |
| | : | |
| **SHANNON, *et al*** | : | |

**MEMORANDUM OPINION**

**Henry, J.** **November 17, 2026**

Petitioner Michael Keeling, who is currently serving a sentence of 32.5 to 65 years' incarceration for two counts of aggravated assault and related offenses, has filed a Motion for Relief from Judgment under Fed. R. Civ. Pro. 60(b)(6). For the reasons that will be discussed below, Keeling's motion will be denied as an unauthorized second or successive habeas petition.

## I. FACTUAL BACKGROUND[1]

On November 18, 1994, two Philadelphia police officers approached Keeling on the street because he resembled composite drawings of a suspected carjacker. When the officers attempted to arrest Keeling, he shot at them. After a four-day trial in June of 1995 in the Court of Common Pleas of Philadelphia County, a jury convicted Keeling of two counts of aggravated assault, two counts of simple assault, robbery, robbery of a motor vehicle, and theft. Keeling had also pled guilty to violating the Uniform Firearms Act prior to trial. The trial court sentenced him to an aggregate sentence of 32.5 to 65 years' imprisonment.

On direct appeal, the Superior Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. In 1997, Keeling filed a *pro se* Post Conviction Relief Act petition which was dismissed. The dismissal was affirmed by the Superior

[1] This information is obtained from the Report and Recommendation of Magistrate Judge Thomas J. Rueter dated January 24, 2003, in connection with Keeling's habeas petition. See ECF No. 12.

Court and the Pennsylvania Supreme Court denied allowance of appeal. In the intervening years, Keeling filed five additional PCRA petitions, four of which were dismissed as untimely filed. The last of his PCRA petitions is still pending in the Philadelphia County Court of Common Pleas.

In 2002, Keeling filed a petition for writ of habeas corpus in this Court, asserting eleven claims. Magistrate Judge Rueter recommended that all claims should be denied, and the Honorable Clifford Scott Green approved and adopted the report and recommendation. The Third Circuit denied Keeling's request for a certificate of appealability, and he then filed two motions seeking relief under Fed. R. Civ. P. 60(b), both of which were denied by Judge Green. Keeling sought relief from the Third Circuit, but it denied both his attempt to appeal the denial of 60(b) relief and his application to file a second or successive habeas petition.

Keeling then filed the instant petition on August 14, 2026, which when construed liberally, seems to argue that this Court erred by not giving him an evidentiary hearing in his habeas matter on his claims that the state court did not grant him a probable cause hearing, his trial counsel coerced him into pleading guilty to the firearms charge, his appellate counsel had a conflict of interest, and his PCRA counsel was ineffective. Motion (ECF No. 34) at 3-9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to provide relief to a party "from a final judgment, order, or proceeding" for certain enumerated reasons, such as "mistake, inadvertence, surprise, or excusable neglect," for "newly discovered evidence," fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3), (6). Rule 60(b) motions must be filed "within a reasonable time" and no more than one "year after the entry of the judgment or

order" if they are based on mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(c)(1).

## III. ANALYSIS

Courts reviewing 60(b) motions must consider whether the motion is in fact a "disguised second or successive" habeas petition. *United States v. Doe*, 810 F.3d 132, 151 (3d Cir. 2015). This is because petitioners cannot circumvent the gatekeeping mechanisms set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") by simply labeling the motion as one brought under Rule 60(b). See 28 U.S.C. § 2244(b); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021). Accordingly, AEDPA requires that before a petitioner can file a second or successive habeas petition challenging a judgment of sentence that he previously challenged in a federal habeas matter, he must first obtain a certificate of appealability from the court of appeals. See 28 U.S.C. § 2244(b)(3)(A).

The Supreme Court has held that a Rule 60(b) motion must be construed as a second or successive habeas petition when it attacks "the substance of the federal court's resolution of a claim on the merits," as opposed to a true Rule 60(b) motion, which attacks "some defect in the integrity of the federal habeas proceedings," such as the application of AEDPA's statute of limitations or rules on procedural default. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). When a successive habeas petition is filed in this Court, the only options are to dismiss it or transfer it to the Third Circuit, if transfer would be "in the interest of justice." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); 28 U.S.C. § 1631.

Therefore, before I reach Keeling's arguments on the merits, because he previously filed a federal habeas petition, I must first determine whether his Motion is a true 60(b) motion or a "disguised second or successive" habeas petition. *Doe*, 810 F.3d at 151. A review of Keeling's

motion shows that although he labels it a 60(b) motion, it is in fact an attempt to relitigate his prior claims and is therefore a successive habeas petition.

In essence, Keeling's motion can be reduced to the argument that in his 2002 habeas claim, this Court erred by not granting him an evidentiary hearing. Keeling argues that the habeas court should have granted him a hearing on his suppression and probable cause claims because he never had a hearing on those claims in state court due to appellate counsel's conflict of interest and trial counsel's ineffectiveness. Mot. at 6. He also argues that the habeas court should have granted him a hearing because trial counsel coerced him into pleading guilty to the firearms charge. Mot. at 8. However, a review of the habeas matter clearly shows that this Court considered and rejected Keeling's claims of conflict of interest and ineffectiveness and addressed his claim that he was coerced into a guilty plea on the firearms charge. Report and Recommendation, ECF No. 12 at 10 – 15, 17-19. Keeling's motion plainly does nothing other than attack the habeas court's resolution of the claims in his habeas petition, and is in fact a successive habeas petition, not a Rule 60(b) motion. As Keeling does nothing other than present claims previously addressed in his prior habeas petition, it is not in the "interest of justice" to transfer his claims to the Third Circuit, and his motion will be denied and his claims dismissed.

## IV. CONCLUSION

For the reasons set forth above, I will dismiss Keeling's Rule 60(b)(6) motion as an improper successive habeas petition. An appropriate order follows.